UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VIRGILIO BRUNO,                                                                          Civil No.:1:14-cv-05882-ILG-SMG

                Plaintiff,

   -against-                                                                             **AMENDED COMPLAINT**

OCWEN LOAN SERVICING, LLC and                                           **DEMAND FOR JURY TRIAL**
OCWEN FINANCIAL SERVICES SRL, LLC,

                Defendant(s),
-----------------------------------------------------------------X

Plaintiff VIRGILIO BRUNO ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Amended Complaint against the Defendant OCWEN LOAN SERVICING, LLC and OCWEN FINANCIAL SERVICES SRL, LLC (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff VIRGILIO BRUNO is a resident of the State of New York, residing at104-30 37th Drive, Corona, New York, New York 11368.

3. Defendant OCWEN LOAN SERVICING, LLC and OCWEN FINANCIAL SERVICES SRL, LLC is a Georgia limited liability corporation engaged in the business

of debt collection with an office at 2002 Summit Boulevard, 6th Floor, Atlanta, GA 30319.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692 a (3).

5. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

10. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by notifying Plaintiff by letter dated October 16, 2013 that his loan was "transferred" to Defendant "for servicing."

11. Defendant's letter stated that Defendant was a debt collector and included FDCPA debt collection disclosures.

12. Thereafter, Defendant reported Plaintiff's account to national credit bureaus.

13. On or about July 1, 2014, Plaintiff obtained a copy of his credit report and observed Defendant's name listed as a creditor.

14. On July 1, 2014, Plaintiff sought representation with a credit counselor, Mr. Kashif Hasan.

15. On or about July 1, 2014, Mr. Hasan sent a letter to Defendant notifying them of his representation and enclosing a power of attorney granting him authorization to speak on Plaintiff's behalf.

12. On August 13, 2014, Mr. Hasan placed a telephone call to Defendant.

13. Defendant's recorded greeting stated: "We are required by law to advise you that [Defendant] is a debt collector and any information obtained will be used for that purpose as needed."

14. Mr. Hasan was then connected to a female representative who identified herself as "Veepul" and stated that her ID number was 15477.

13. Mr. Hasan advised Defendant's representative that Plaintiff wished to dispute the debt Defendant claimed was owed and wished to have his dispute reflected on his credit report.

14. "Veepul" replied to Mr. Hasan that she was unable to accept Plaintiff's dispute or to update his credit report but that Defendant's "Research Department" may possibly help him if contacted by fax or mail.

15. Mr. Hasan advised Defendant's representative that Plaintiff wished to know the name of the owner of the loan being collected by Defendant.

16. "Veepul" replied "We are the collection agency."

17. Mr. Hasan asked who Defendant was collecting for and "Veepul" replied, "For

Ocwen, the company."

18. Mr. Hasan asked if this meant that Defendant owned the loan or debt being collected. "Veepul" replied, "No, the owners are a different bank," and "The owner is a banking institution. They transferred it to us."

19. Mr. Hasan continued to ask multiple times if Defendant was the owner and "Veepul" repeatedly stated that Defendant was "servicing" the debt and were "servicers" of the debt.

20. Mr. Hasan, in a final effort to determine the identity of the owner of the debt, asked, "But when you get the money, you keep the money, yes?"

20. Defendant's representative replied, "Yes."

## **FIRST CAUSE OF ACTION**
*(Violations of the FDCPA)*

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. USC §1692 e – preface prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

23. Defendant has violated 15 USC §1692 e – preface by reporting Plaintiff's debt to national credit bureaus but deceptively omitting the name of the creditor to whom the debt is owed and by training, instructing and/or sanctioning employees such as "Veepul," to deny that Defendant is the owner of the debt which they are collecting and to state contradictorily that an unidentified bank is the owner of the debt but that Defendant was collecting the debt for itself and that payments on the debt are received and kept only

by Defendant. Upon information and belief, Defendant is the owner of the many debts being collected and yet Defendant misleads consumers seeking information about their accounts by denying any involvement or role other than the vague terms "servicing" or "servicers."

24.   15 USC §1692 e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

25.   Defendant's refusal to honor Plaintiff's verbal dispute of August 13, 2014 and failure to communicate the true status of Plaintiff's account to credit bureaus is in violation of 15 USC §1692 e(8).

26.   15 USC §1692 f –preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

27.   The Defendant violated 15 USC §1692 f – preface by unfairly and unconscionably refusing to accept Plaintiff's verbal dispute communicated to Defendant on August 13, 2014. As Defendant knows, or should know, pursuant to <u>Dana Clark v. Absolute Collection Service, Inc.</u>, the Fourth Circuit of the U.S. Court of Appeals found that subparagraph (3) of 15 USC §1692 g (a) of the FDCPA, as written, triggers statutory protections for consumers, affirming the right of consumers to challenge a debt orally without imposing a written requirement. The Court found further that, "Once a consumer disputes a debt orally, under section 1692 g (a)(3), a debt collector cannot communicate that consumer's credit information to others without disclosing the dispute." Despite being notified that Plaintiff was disputing on August 13, 2014,

Defendant has yet to update Plaintiff's credit status, to the detriment of Plaintiff's credit profile. Further, Defendant unfairly denied Plaintiff his right to know the identity of the owner and creditor for whom Defendant was acting as debt collector.  Upon information and belief, Defendant trains employees to refuse to acknowledge that Defendant is the owner of their loans.

28.     As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

29.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A.     For actual damages provided and pursuant to 15 USC §1692k (a) (1);

B.     For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C.     For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D.     For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

E.     A declaration that the Defendant's practices violated the FDCPA;

F.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
     November 5, 2014

         Respectfully submitted,


         By:  /s/ Yitzchak Zelman_____
         Yitzchak Zelman, Esq. (YZ5857)
         Law Office of Alan J. Sasson, P.C.
         *Of Counsel To*
         M. HARVEY REPHEN & ASSOCIATES, P.C.
         1669 East 12th Street
         Brooklyn, New York 11229
         Tel: (718)339-0856
         Fax: (347)244-7178
         *Attorney for the Plaintiff* VIRGILIO BUENO